■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENTON JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered January 6, 1989, convicting him of rape in the third degree, upon a plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At no time prior to sentencing did the defendant attempt to withdraw his plea, with the result that his claims are unpreserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636).

In any event, there is insubstantial support for the defen-

dant's sudden claims of innocence and of having been coerced into pleading guilty by counsel, where he accepted the prosecutor's offer, confessed to his guilt during his allocution as well as to the Probation Department, and declared himself at sentencing to be "extremely sorry and ashamed". In the interests of finality (cf., *People v Ramos*, 63 NY2d 640, 642; *People v Frederick*, 45 NY2d 520, 525), where there is no indication in the record that the defendant was in fact innocent or in any way coerced, and where his plea was knowingly and voluntarily made, the plea will not be disturbed on the basis of unsubstantiated and conclusory assertions that his attorney forced him to plead guilty (see, *People v Washington*, 156 AD2d 496). The defendant also received the sentence that he bargained for, with the result that the sentence, which in any event is not excessive, will not be disturbed (see, *People v Kazepis*, 101 AD2d 816, 817). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.