■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAJUANE RICE, Appellant. (Appeal No. 2.) [637 NYS2d 848] —Judgment unanimously affirmed. Memorandum: Defendant contends that his plea of guilty should be vacated because it was not knowingly, voluntarily and intelligently entered. By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant has failed to preserve that contention for our review *(see, People v Pellegrino,* 60 NY2d 636; *People v Anthony,* 188 AD2d 477, *lv denied* 81 NY2d 836; *People v Jackson,* 171 AD2d 883, *lv denied* 78 NY2d 967). Moreover, the plea allocution does not cast significant doubt upon defendant's guilt or otherwise raise questions concerning the voluntariness of the plea to require County Court to conduct a further inquiry *(see generally, People v Lopez,* 71 NY2d 662, 665-668). We likewise reject the contention of defendant that he was deprived of his statutory right to a speedy trial *(see, People v Rice,* 224 AD2d 971 [decided herewith]).

Defendant also contends that his sentence is illegal because it is greater than the sentence imposed following his original conviction. We disagree. A court may not impose a more severe sentence after reversal of a conviction and a new trial unless it states the reason for doing so "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" *(North Carolina v Pearce,* 395 US 711, 726; *see also, People v Miller,* 65 NY2d 502, 507-510, *cert denied* 474 US 951). Here, defendant was charged in one indictment with three

counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the seventh degree and criminal possession of a controlled substance in the third degree. Defendant was charged in a second indictment with multiple felony counts, including attempted murder in the second degree. After the trial on the first indictment, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and sentenced to a term of imprisonment totalling 13 1/3 to 40 years. Defendant thereafter pleaded guilty to the second indictment and was sentenced pursuant to a sentencing promise to 5 to 15 years for attempted murder in the second degree, to run concurrently with the previously imposed sentence. The court also permitted defendant to enter an *Alford* plea to the attempted murder charge.

After reversal of defendant's convictions *(People v Rice* [appeal Nos. 1 and 2], 199 AD2d 1054), defendant was retried on the first indictment and was convicted of one count each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Defendant then withdrew his plea of not guilty to the charges contained in the second indictment and pleaded guilty to those charges. Defendant was sentenced to concurrent terms of imprisonment of 5 to 15 years for criminal sale of a controlled substance in the third degree and one year for criminal possession of a controlled substance in the seventh degree. At sentencing, the court rejected the assertion of defense counsel that it could not sentence defendant to a greater term of imprisonment on the second indictment than it had imposed following the original conviction. The court stated that the circumstances had "changed dramatically" since the original sentencing proceeding and that defendant had not entered an *Alford* plea to the attempted murder charge, but, rather, had admitted his guilt. The court additionally noted that the original sentence was a plea bargain with a sentencing promise and that the original sentence was the result of defendant's having been sentenced to 13 1/3 to 40 years on the first indictment. The court sentenced defendant to 8 1/3 to 25 years for attempted murder in the second degree, to run consecutively with his sentence on the first indictment. Thus, defendant's sentence following reversal and remittitur equalled his original sentence of 13 1/3 to 40 years. Because the court provided a reasonable basis for imposing a more severe sentence on the second indictment, we conclude that the presumption of vindictiveness was rebutted and reject the contention that the sentence was illegal *(see, People v Miller, supra,* at 507-510). (Appeal from Judg-

ment of Onondaga County Court, Cunningham, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.