■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GARROW, Appellant. (Appeal No. 1.) [649 NYS2d 856] —Judgment unanimously affirmed. Memorandum: By failing to move either to withdraw the plea pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10, defendant has failed to preserve for our review his contention that his guilty plea was not voluntarily and knowingly made. This case does not come within the narrow exception to the preservation rule (see, People v Lopez, 71 NY2d 662, 665-666). In any event, were we to consider defendant's contentions, we would conclude that they are lacking in merit (see, People v Hale, 171 AD2d 1026, lv denied 77 NY2d 995; cf., People v Christian [appeal No. 2], 139 AD2d 896, lv denied 71 NY2d 1024). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Burglary, 2nd Degree.) Present— Green, J. P., Pine, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GARROW, Appellant. (Appeal No. 2.) [649 NYS2d 604] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of sodomy in the first degree and burglary in the first degree, defendant contends that County Court erred in denying his request to conduct an inquiry regarding a sworn juror's alleged hostility towards the defense. We disagree. Where, as here, the Trial Judge has the benefit of his own observations and he states that he is satisfied that the juror did not display hostility towards or prejudice against the defense, there is no need to conduct an inquiry (see, People v McIntyre, 193 AD2d 626, lv denied 82 NY2d 757; People v Richardson, 180 AD2d 902, 903; cf., People v Cargill, 70 NY2d 687, 688-689).

Defendant was not deprived of a fair trial by prosecutorial misconduct during summation and, in the circumstances of this case, the court did not abuse its discretion in permitting certain leading questions of the victim during his conditional examination (see, Prince, Richardson on Evidence § 6-223 [Farrell 11th ed]; see also, People v Arhin, 203 AD2d 62, lv denied 83 NY2d 908).

We conclude that defendant's sodomy conviction is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant contends that his burglary conviction is not sup-

ported by legally sufficient evidence that he unlawfully entered the victim's room with the requisite intent because he was unable to form that intent due to his intoxication. He further challenges the sufficiency of his burglary conviction on the grounds that there is legally insufficient evidence of either physical injury or forced entry. Those contentions are not preserved for our review because, in his motion to dismiss the indictment at the close of the People's case, defendant did not make an argument specifically directed at those alleged errors (*see, People v Gray*, 86 NY2d 10, 19). Were we to review them, we would conclude that they are lacking in merit and that defendant's burglary conviction is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley, supra*, at 495).

Lastly, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Sodomy, 1st Degree.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.