■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HILLENDALE, Appellant. [665 NYS2d 196] —Judgment unanimously affirmed. Memorandum: Upon his plea of guilty to two counts of criminal sale of a controlled substance in the third degree, defendant was sentenced, as a second felony offender, to concurrent indeterminate terms of 4½ to 9 years. He contends that his guilty plea was involuntary because it was improperly induced by County Court's threat of a heavier sentence if he were found guilty after trial. He further contends that there was an insufficient factual basis for the plea and that the court erred in accepting the plea without first

determining whether defendant was aware of possible defenses. By failing to move to withdraw his guilty plea pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10, defendant failed to preserve those contentions for our review (*see, People v Lopez,* 71 NY2d 662, 665-666; *People v Garrow* [appeal No. 1], 233 AD2d 856, *lv denied* 89 NY2d 942; *People v Rice* [appeal No. 2], 224 AD2d 972, *lv denied* 88 NY2d 883; *People v Coleman,* 203 AD2d 729, 730). Were we to consider those contentions, we would conclude that they are lacking in merit and unsupported by the record. Although defendant initially was reluctant to admit any of the underlying facts, the court refused to accept his guilty plea unless defendant admitted that he had sold cocaine in the City of Geneva on the two days enumerated in the indictment (*see, People v Lowe,* 149 AD2d 939, 940, *lv denied* 74 NY2d 743). (Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.