■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENCIA LEWIS, Appellant.

The defendant, on appeal, has interjected a claim that his right to counsel was violated by law enforcement officials and that those branches of his omnibus motion which sought the suppression of physical evidence, statements and prospective identification testimony should, therefore, have been granted. However, since the defendant entered into a guilty plea prior to any judicial determination with respect to this specific issue, he is now foreclosed from pursuing this claim on appeal *(see, People v Fernandez,* 67 NY2d 686; *People v Plummer,* 122 AD2d 285, *lv denied* 68 NY2d 916; *People v Corti,* 88 AD2d 345). The defendant is, nevertheless, entitled to appellate review of those issues actually litigated and finally determined by the hearing court, notwithstanding his guilty plea *(see,* CPL 710.70 [2]). Based upon the record before us, we find that the hearing court properly denied suppression for the reasons set forth in the court's oral decision rendered on May 12, 1983.

The defendant's challenge to the propriety of his guilty plea has not been preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636). In any event, we find that the plea was knowingly, intelligently and voluntarily entered into *(see, People v Harris,* 61 NY2d 9).

We have examined the defendant's remaining contentions and find them to be devoid of merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.