THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAURO, Appellant.—

The defendant has raised claims that his right to counsel was denied by reason of the alleged delay in his arraignment, that his station house statement was taken in violation of his right to remain silent and that the hearing court acted improperly in admitting into evidence a tape recording of a telephone conversation between the defendant and his codefendant. However, in view of the fact that the defendant entered a plea of guilty prior to a judicial determination with respect to these claims, he is now foreclosed from raising them on appeal (see, People v Fernandez, 67 NY2d 686; People v Lewis, 140 AD2d 630).

Moreover, we conclude that the defendant's challenge to the voluntariness of his plea is without merit. The plea allocution clearly demonstrates that the defendant's decision to plead guilty was made voluntarily and freely and after he was given a sufficient amount of time to consider his decision (see, People v Harris, 61 NY2d 9). Additionally, the sentencing court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea which was based upon similar claims of coercion (see, People v Parilla, 135 AD2d 745).

Contrary to the defendant's further contention, the imposed sentence of 17½ years' to life imprisonment, for which he negotiated (see, People v Kazepis, 101 AD2d 816), was neither harsh nor excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.