■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ROSADO, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 2, 1985, convicting him of robbery in the first degree, upon his plea of guilty, under superior court information No. 568/85, and imposing sentence, and (2) an amended judgment of the same court, rendered October 10, 1985, revoking a sentence of probation, previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, under indictment No. 2080/84.

Ordered that the judgment and amended judgment are affirmed.

The defendant's challenge to the validity of his plea under superior court information No. 568/85 is unpreserved for appellate review by reason of his failure to move to vacate that plea prior to the imposition of sentence *(People v Wilkins,* 147 AD2d 601, 602). In any event, the plea allocution was proper and clearly demonstrates that the defendant's decision to plead guilty was made voluntarily *(see, People v Harris,* 61 NY2d 9; *People v Mauro,* 158 AD2d 550). By his plea of guilty, the defendant forfeited his right to seek appellate review of his claim that certain allegedly erroneous rulings by the trial court violated his constitutional right of confrontation *(see, People v Taylor,* 65 NY2d 1, 5).

The sentences imposed were in accordance with negotiated pleas *(see, People v Kazepis,* 101 AD2d 816), and were not harsh or excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.