■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Scarpino, J.), rendered May 25, 1989, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilty plea should be vacated because the court did not advise him during his allocution that, based on his own account of his arrest, he could move to suppress the drugs recovered from his vehicle because he may have been stopped and searched without probable cause.

The defendant's challenge to the validity of his guilty plea has not been preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636). Nor is reversal required in the interest of justice, since there is no suggestion in the record that the plea was improvident or baseless; rather it appears that the plea was knowingly and voluntarily entered *(see, People v Filomeno,* 138 AD2d 734; *People v Caban,* 131 AD2d 863). Moreover, "since the defendant entered into a guilty plea prior to any judicial determination with respect to this specific [suppression] issue, he is * * * foreclosed from pursing this claim on appeal" *(People v Lewis,* 140 AD2d 630, 631).

In any event, a guilty plea will not be found invalid because the Judge "failed to specifically enumerate all the rights to which the defendant was entitled" *(People v Harris,* 61 NY2d 9, 16). Furthermore, from all that can be ascertained from the record, the defendant was aware of his right to move to suppress the evidence against him, but chose to waive it in exchange for an advantageous plea agreement. Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.