■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN FIUMEFREDDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered March 27, 1990, convicting her of murder in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that her guilty plea was coerced because the plea agreement offered to her father, a codefendant, was conditioned upon her acceptance of the plea offer. It is well settled that prosecutors are free to dictate the terms of a plea bargain *(see, People v*

*Antonio,* 176 AD2d 528, 529) and that a guilty plea will not be held *per se* coercive, just because the defendant's plea was conditioned upon a codefendant's plea *(see, People v Cornielle,* 176 AD2d 190, 191). A review of the defendant's plea allocution reveals that she intelligently, knowingly, and voluntarily entered her plea of guilty. Moreover, we find that the performance of the defendant's first counsel met the standard of meaningful representation as evidenced by counsel's omnibus motion and pretrial disclosure motions. Under the circumstances of this case, counsel's failure to request a *Wade* hearing did not render his assistance ineffective *(cf., People v Hale,* 142 AD2d 172). The defendant's second counsel, who represented the defendant at the plea and sentencing proceedings, also provided the defendant with meaningful representation as evidenced by the favorable plea bargain which included a sentence considerably lower than the permissible, maximum sentence. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.