■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER REEVES, Appellant. [605 NYS2d 972] —Weiss, P. J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered November 26, 1990, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the second degree.

We find no error in County Court's denial of defendant's motion to withdraw his guilty plea. Nothing in this record supports his conclusory assertion of coercion as the result of time constraints during his consideration of the prosecutor's plea offer. The record of the plea proceeding demonstrates that defendant was fully apprised of his rights and confirms that he had not been coerced into the plea, and that he had sufficient time to discuss the matter with his attorney *(see, People v Lisbon*, 187 AD2d 457; *People v Bell*, 183 AD2d 837;

*People v Machado,* 181 AD2d 796, *lv denied* 79 NY2d 1051). The record further confirms that he was represented by counsel throughout and freely admitted guilt of the crimes to which he had pleaded, and that County Court confirmed that he understood the consequences of his plea *(see, People v Lattmen,* 101 AD2d 662). Defendant's inability to recall the details of his entry into one of the residences, even while he directly acknowledged commission of the crime and his departure in a stolen truck, is not a protestation of innocence.

We reject the contention that defendant was deprived of the effective assistance of counsel. Defendant's plea was in full satisfaction of multiple burglary counts. His attorney was responsible for negotiating an advantageous plea bargain which substantially limited defendant's exposure to imprisonment *(see, People v Corwin,* 137 AD2d 872, *lv denied* 71 NY2d 1025; *People v Bonk,* 83 AD2d 695). When viewed in totality, we find that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Defendant argues that the waiver of his right to appeal as a part of his guilty plea was not knowing and voluntary. We are satisfied that the colloquy between defendant and County Court was sufficient to establish a knowing, voluntary and intelligent waiver and, in the absence of any other facts placing the validity of the plea in doubt *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1; *People v Lopez,* 71 NY2d 662), we conclude that the waiver of the right to appeal must be enforced.

Mikoll, Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the judgment is affirmed.