■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL EADDY, Appellant. [606 NYS2d 928] —Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (Aison, J.), rendered March 5, 1992, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree, criminal possession of a weapon in the second degree and grand larceny in the third degree.

Defendant was charged in a 19-count indictment with the commission of multiple felony crimes allegedly occurring on April 27, 1988. As the result of a negotiated plea bargain, defendant entered a plea of guilty to three of the crimes in satisfaction of the entire indictment: robbery in the first degree, criminal possession of a weapon in the second degree and grand larceny in the third degree. Subsequently, defendant moved to withdraw his guilty plea and to have County Court recuse itself because of certain alleged ex parte communications with the District Attorney. County Court denied both motions and sentenced defendant to separate prison terms of 7½ to 15 years for the robbery in the first degree and possession of a weapon in the second degree convictions, and

to 3½ to 7 years for the grand larceny in the third degree conviction. These sentences were ordered to be served concurrently with each other but consecutive to a prior sentence he was then serving.

Defendant argues that County Court erred in failing to grant his motion to allow him to withdraw his guilty plea. We disagree. The record clearly indicates that defendant's plea was knowingly, voluntarily and intelligently made without any improper coercion or duress. A full plea allocution was conducted by County Court at which defendant freely admitted having committed the crimes to which he pleaded guilty.

We reject defendant's claim that the plea was coerced by the time constraints of the plea offer along with the People's statement to him that his failure to agree to the plea would mean that his codefendant, his half-brother, would receive a very long prison term if found guilty at trial. The fact that defendant was required to accept the plea offer within a short time period does not render the plea coercive. The prosecutor is free to dictate the terms under which a plea will be accepted (see, People v Antonio, 176 AD2d 528, 529, lv denied 79 NY2d 824). Further, the fact that a plea is conditioned upon the plea of a codefendant, even if the codefendant is a family member, is not per se coercive (see, People v Fiumefreddo, 188 AD2d 546, 546-547, affd 82 NY2d 536; see also, People v Cornielle, 176 AD2d 190, 191, lvs denied 79 NY2d 855, 1000). Defendant's further contention that an ex parte communication between County Court and the District Attorney concerning the plea was improper is also rejected given that the communication was undertaken with the consent of defendant in order to obtain an acceptable sentencing agreement.

In addition, the record does not support defendant's claims that his plea was coerced by County Court's conduct in finding his counsel in contempt and removing him from the case in conjunction with the court's failure to grant defendant's new attorney an adjournment to prepare for trial. Defense counsel never requested an adjournment to prepare for trial but opted, with the consent of defendant, to take the plea. The record demonstrates that much of the delay in the progress of the case was due to the actions of defendant in dismissing his attorneys and in moving to recuse one Judge after a suppression hearing had commenced through a Federal court action against that Judge. In such circumstances denial of the request for adjournment on the eve of trial was not improper (see, Torres v Torres, 169 AD2d 829). Additionally, defendant's

attorney was found in contempt here after he refused County Court's lawful order to represent defendant *(see, Brostoff v Berkman,* 170 AD2d 364, 366, *affd* 79 NY2d 938, *cert denied* — US —, 113 S Ct 180).

We also reject defendant's arguments that defendant's representation by his first counsel was ineffective and a factor in coercing him to plead guilty. We do not find that defense counsel's representation was ineffective in respect to a claimed conflict of interest because the same counsel represented both defendant and his half-brother. Both defendants agreed to the joint representation after full consultation of the possible difficulties with defendant, his counsel and County Court *(see, People v Gomberg,* 38 NY2d 307); nor does review of the suppression hearing reveal the existence of a significant possibility of a conflict of interest affecting defense counsel's representation at the hearing *(see, People v Recupero,* 73 NY2d 877, 879). The record also demonstrates that defendant's new defense counsel had sufficient time and information to make an informed recommendation as to whether to accept or reject the negotiated plea offer. The plea agreement itself evidences that defendant received effective representation *(see, People v Strempack,* 134 AD2d 799, 800, *affd* 71 NY2d 1015).

We also reject defendant's contention that County Court erred in failing to suppress the statement of defendant's accomplice or the shotguns seized as a result of the statement because the arrest warrant issued by a Town Justice was invalid inasmuch as it was not endorsed by a proper local criminal court. Defendant lacks standing to raise this issue based on a violation of his codefendant's 4th Amendment rights *(see, People v Henley,* 53 NY2d 403; *People v Irby,* 162 AD2d 714, *lv denied* 76 NY2d 894). Thus, defendant cannot challenge use of his codefendant's statement which provided a basis for the search warrant for the shotguns. Further, the statement was attenuated as it was given hours after his initial arrest and after *Miranda* warnings were given *(see, People v Goodman,* 183 AD2d 957, *lv denied* 80 NY2d 831). Additionally, County Court's finding that exigent circumstances existed for a warrantless arrest in the home is supported by overwhelming evidence *(see, People v Graham,* 161 AD2d 836, *lv denied* 76 NY2d 788; *People v Willsey,* 144 AD2d 106, *lv denied* 73 NY2d 985).

Finally, we have reviewed and considered defendant's *pro se* arguments for reversal and find them unpersuasive.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.