■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO ADORNO, Appellant. [608 NYS2d 678] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Lombardo, J.), entered December 14, 1989, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Hellenbrand, J.), rendered December 18, 1984, convicting him of murder in the second degree (four counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that his conviction should be vacated because the People failed to turn over certain *Rosario* material at trial *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), i.e., a transcript of a taped interview with the prosecution's main witness, and certain notes of an Assistant District Attorney taken during a separate interview with this witness. It is clear from the record that the defendant knew of the existence of both documents at the time of trial and the defense read from the transcript of the taped interview during cross-examination of the chief prosecution witness. As to the notes of the Assistant District Attorney, the defendant has not demonstrated that the failure to produce them, if that be the case, created a reasonable possibility that such nondisclosure contributed to the verdict *(see, People v Jackson,* 78 NY2d 638). Under the circumstances, the court was justified in denying without a hearing the defendant's motion to vacate his judgment of conviction, made some four-and-one-half years after that judgment was rendered *(see, People v Friedgood,* 58 NY2d 467, 470-471; *People v Donovon,* 107 AD2d 433, 443-444; CPL 440.10 [3] [a]). Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.