■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BYRON COLEMAN, Appellant. [611 NYS2d 43] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 21, 1992, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree (two counts) and criminal sale of a controlled substance in the third degree.

Defendant was sentenced to an indeterminate prison term of five years to life imprisonment following acceptance of his guilty plea. Defendant contends that County Court coerced his guilty plea by threatening to revoke the plea bargain offer made two months earlier unless defendant accepted it by the end of the business day and by indicating the imposition of a greater sentence after trial. The argument is not preserved for appeal inasmuch as defendant neither moved to withdraw his guilty plea nor to vacate the judgment of conviction (see, People v Ryan, 191 AD2d 814). In any event, the record clearly indicates that defendant's guilty plea was entered voluntarily, knowingly and intelligently (see, People v Moissett, 76 NY2d 909) and without any protest of innocence.

The offer of five years to life that encompassed two distinct class A-II felonies, as well as a separate class B felony, was made on September 4, 1992. Defendant, through counsel, rejected that offer on September 25, 1992 when he made a counteroffer to plead guilty in exchange for a sentence of three years to life. When defendant appeared in court on November 16, 1992, sufficient time had elapsed for him to have considered the plea bargain. By that time, County Court had rendered a decision on defendant's pretrial omnibus motion and scheduled the case for trial. Under the circumstances, it was not unreasonable for the court to condition the proffered plea bargain on defendant's acceptance of it before the end of business that day.

Furthermore, unlike People v Christian (139 AD2d 896, lv denied 71 NY2d 1024), the record here lacks an explicit threat to give defendant a heavier sentence if he exercised his right to trial. County Court's statements informed defendant that consecutive sentences were legally permissible upon multiple convictions. Although defendant again expressed his general dissatisfaction with representation of his attorney* at the time of the plea and stated that he had recently mailed a *pro se*

---

* County Court had recently heard and denied a motion by defendant to have new counsel assigned.

motion seeking the assignment of new counsel, he elected not to pursue that issue. Instead, defendant accepted the plea bargain negotiated by the Public Defender's office which substantially limited his exposure to imprisonment (see, People v Reeves, 199 AD2d 566).

Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.