■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS C. CATALFAMO, Appellant. [643 NYS2d 750] —Spain, J.

On August 21, 1990 George Nichols was found dead, having died from severe trauma to his head inflicted by a blunt instrument. In November 1990 defendant was indicted on three counts of murder in the second degree and one count of robbery in the first degree. While incarcerated and awaiting a resolution of the aforementioned indictment, defendant was involved in an altercation with another inmate at the Warren

County Jail; in December 1991 defendant was indicted on one count of assault in the second degree and one count of coercion in the first degree. Following pretrial motion practice and an adverse ruling after a suppression hearing, a plea bargain was reached whereby defendant was permitted to dispose of the two indictments pending against him with a plea of guilty to one count of murder in the second degree (depraved indifference murder) and one count of assault in the second degree in full satisfaction of both pending indictments and with a waiver of his right to appeal, upon the express understanding that he would be sentenced to concurrent prison terms of 16 years to life and 2 to 6 years, respectively. Defendant entered his plea and was sentenced in accordance with the plea bargain; he now appeals.

We affirm. Initially, we note that the record fully supports the conclusion that defendant's waiver of his right to appeal was knowingly, voluntarily and intelligently made and should be enforced (see, People v Seaberg, 74 NY2d 1). At the opening of the proceedings at which defendant entered his plea, the prosecutor, in the presence of defendant and his attorney, stated that a condition of the plea bargain was that defendant "will waive his right to appeal with respect to both indictments". County Court's questioning of defendant and his attorney with respect to the plea bargain included a statement by the court that "any rights to appeal which he has under the Constitution and under the rules of the Appellate Division, Third Department, he would be giving up and waiving those rights", to which defendant's attorney responded, "That is correct." The record further reveals that at the time of sentencing the court reminded defendant that at the time he entered his plea he voluntarily gave up his right to appeal.* At no time during the plea or sentencing proceedings did defendant question his waiver of his right to appeal. In our view, especially in light of the entire plea and sentencing colloquy, there is ample evidence in the record to support the conclusion that defendant knowingly, voluntarily and intelligently waived his right to appeal as part of the plea bargain (see, People v Callahan, 80

---

* At the time of sentencing County Court mistakenly mentions a form in which defendant was expected to acknowledge that he is giving up his right to appeal; there is no such form in the record. The record, however, does include a form used to advise a defendant of his or her right to appeal which is signed by defendant and his attorney and on which the box next to a statement "No, I do not wish to appeal" has been checked. The form is dated February 5, 1992, the date defendant was sentenced. In our view, the fact that defendant was advised of his right to appeal after waiving his right to appeal is of no consequence (see, People v Johnson, 158 AD2d 620, 621).

NY2d 273, 283; *People v Seaberg, supra,* at 11; *People v Scott,* 222 AD2d 958).

We also reject defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently made. County Court's plea allocution sufficiently covered the elements of the crimes to which defendant pleaded, including the fact that defendant hit decedent at least several times with a blunt instrument, causing decedent to fall down on his bed while he was bleeding from his injuries, and that he left decedent in that condition. The prosecutor's clarification on the record with respect to the fact that, as a result of the injuries inflicted by defendant, decedent died did not usurp County Court's role but merely sought and succeeded in obtaining clarification on the record (*see, People v Moore,* 71 NY2d 1002; *People v Robideau,* 133 AD2d 903, *lv denied* 71 NY2d 902).

Defendant's contention that his sentence is harsh and excessive is without merit. The sentence imposed was in accordance with the terms of the plea bargain and within the authorized limits. Accordingly, we find no reason to reduce it.

Having determined that defendant waived his right to appeal, we need not consider defendant's remaining contentions.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.