THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BEREZANSKY, Appellant. [646 NYS2d 574] —Cardona,

P. J. Appeals (1) from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered April 4, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the second degree, and (2) by permission, from an order of said court (Rosen, J.), entered November 29, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On November 26, 1993, defendant was arrested and charged with three counts of robbery in the first degree and one count of criminal possession of a weapon in the third degree. The charges stemmed from three gunpoint robberies in the Town of Colonie, Albany County. In December 1993, he waived his right to a preliminary hearing (*see*, CPL 180.10 [2]) and on February 4, 1993, in the presence of County Court, he executed a waiver of the right to have the case presented to a Grand Jury and consented to have the matter prosecuted by a superior court information charging him with one count of robbery in the second degree (*see*, CPL 195.10, 195.40). Defendant entered a plea of guilty to the superior court information in full satisfaction of any charges pending against him in the Town of Colonie and waived his right to appeal. In accordance with the plea bargain he was sentenced to an indeterminate prison term of 4 to 12 years. Thereafter, defendant moved pursuant to CPL article 440 to vacate the judgment of conviction and/or his sentence. County Court denied the motion without a hearing. Defendant appeals the judgment of conviction and, by permission, the denial of his CPL article 440 motion.

Initially, we find no merit to defendant's claim that his plea of guilty and the waiver of his right to appeal were involuntarily made. A review of the colloquy between County Court and defendant satisfies us that both the plea and the waiver were made knowingly, intelligently and voluntarily (*see*, *People v Eaddy*, 200 AD2d 896, 897, *lv denied* 83 NY2d 852; *People v Reeves*, 199 AD2d 566, 567). At the plea colloquy, defendant stated that he was not threatened or coerced to plead guilty, that he had an adequate opportunity to consult with his attorney and understood the ramifications of so pleading. He consented to waive "all [his] appellate rights". County Court fully apprised defendant of his rights and the consequences of both the plea and the waiver. Given these facts, we conclude that both the plea and the waiver of the right to appeal must be enforced (*see*, *People v Ramos*, 208 AD2d 1052, 1053, *lv denied* 85 NY2d 913, 86 NY2d 739).

Nor do we find any other facts which place the validity of the plea and waiver in doubt. In this regard, we reject

defendant's claim that the plea was coerced by the time constraints of the plea offer and the intention of the People to pursue Grand Jury proceedings against him, which would have resulted in an indictment on three counts of robbery in the first degree carrying the possibility of consecutive 25- to 50-year prison terms. The fact that a plea offer is required to be accepted within a short time frame does not render it coercive (*see, People v Eaddy*, 200 AD2d 896, 897, *supra*). "The prosecutor is free to dictate the terms under which a plea will be accepted" (*supra*, at 897).

Further, the fact that the People may have been using the threat of Grand Jury action as leverage was not, in this case, evidence of duress. As the Court of Appeals has stated "there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered" (*People v Seaberg*, 74 NY2d 1, 9). Here, the plea offer presented defendant with the option of waiving trial, a reduced charge and a significantly lower period of incarceration as opposed to being charged by indictment with more serious crimes. The decision whether to present the case to a Grand Jury was an option the prosecutor was legitimately entitled to pursue. The presentation to defendant of this choice did not, in our view, render defendant's acceptance of the plea involuntary by reason of duress or coercion.

We find equally unpersuasive defendant's argument that his plea was involuntary because he was under the belief that he would be able to participate in work release and college programs while in prison. Apparently, the programs were discontinued and defendant claims that he should have been informed that the programs could be canceled. Because this is not a challenge to the legality of the sentence and we have determined that defendant's waiver of appeal was valid, appellate review of this issue is foreclosed (*see, People v Marziale*, 182 AD2d 1035, 1036, *lv denied* 80 NY2d 835). In any event, defendant's claim lacks merit. He stated at the plea that no promises or offers had been made to him other than the sentence, and the programs were not part of the plea bargain. In addition, at best, the discontinuance of such programs could be considered a collateral matter, which neither County Court nor defendant's attorney were obligated to advise defendant prior to defendant accepting his plea (*see generally, People v Smith*, 227 AD2d 655, 657).

We also reject defendant's argument that County Court improperly denied his CPL article 440 motion without a hearing. The basis of the motion was defendant's position that his

constitutional rights were violated during the events leading up to his plea. Specifically, defendant argues that after he was arrested he was improperly denied his right to counsel and never given his *Miranda* warnings. Therefore, he contends that the subsequent statements he made to the police were illegally obtained. In denying the motion without a hearing, County Court relied on CPL 440.10 (3) (a). Under that statute, a motion to vacate may be denied where it is based on facts which "could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review * * * [but] the defendant unjustifiably failed to adduce such matter prior to sentence" (CPL 440.10 [3] [a]). Here, County Court found that defendant failed to show an adequate justification for not raising the issues prior to his sentence. We agree.

The facts that defendant relies upon in support of his motion were known prior to his plea and sentence and we find his reasons for not raising the issues unpersuasive. He claims that he did not know at the time of his plea that the lack of counsel and the statements given thereafter constituted a violation of his rights. He admits that he never told his attorney of these facts because he did not trust her. This, in our view, does not constitute a justifiable reason for failing to raise the issues (*see,* CPL 440.10 [3] [a]). As it has been noted, the purpose of a CPL article 440 motion "is to inform a court of facts not reflected in the record and unknown at the time of the judgment * * *. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (*People v Donovon,* 107 AD2d 433, 443, *lv denied* 65 NY2d 694 [citation omitted]). Here, the facts needed to support defendant's arguments were known long before his plea and defendant was in no way denied an opportunity to timely and fully assert these claims (*see, supra,* at 443-444). Under the circumstances, the court was justified in not conducting a hearing on the motion (*see, People v Adorno,* 202 AD2d 439, *lv denied* 83 NY2d 908, 963).

We also agree with County Court's conclusion that defendant waived the suppression issues raised by the motion. Upon entering a plea of guilty, a defendant waives all undetermined suppression issues (*see, People v Jones,* 183 AD2d 918, *lv denied* 80 NY2d 905; *People v Aponte,* 180 AD2d 910, *lv denied* 79 NY2d 997). Furthermore, where, as here, a defendant waives indictment and pleads guilty to a superior court information, he or she waives all discovery and all other pretrial and trial matters (*see, People v Passero,* 222 AD2d 858, 859). In reference to the statements made by defendant, we note that a guilty

plea also effects a forfeiture of the privilege against self-incrimination (*see, People v Taylor*, 65 NY2d 1, 5).

Furthermore, although it is true that an alleged right to counsel violation may be raised on a direct appeal even where it is not raised at the trial court level (*see, People v Sanders*, 56 NY2d 51, 66), "appellate review is precluded where * * * the record does not contain sufficient facts to permit such review" (*People v Farinaro*, 110 AD2d 653, 656; *see, People v Kinchen*, 60 NY2d 772, 773-774). Here, insofar as there is no factual record establishing the right to counsel violation, appellate review is precluded (*see, People v Charleston*, 54 NY2d 622, 623). By entering his plea of guilty and not requesting a suppression hearing, defendant did not develop a factual record to establish merit to his claims (*see, People v Gooden*, 151 AD2d 773, 774). Finally, again in reference to the CPL article 440 motion, having failed to develop an adequate basis for appellate review, defendant may not rely upon such a motion as a means to develop a record.

Turning to that aspect of defendant's motion seeking to vacate the sentence, we find no error in County Court's rejection of defendant's claims. During the plea colloquy, defendant stated that he was aware of the possible sentence which could be imposed and that no promises were made to him in that regard. Although defendant claims that he should have been accorded youthful offender status, the record clearly reveals that defendant understood that he would not be adjudicated a youthful offender. Defendant was sentenced in accordance with the plea bargain and within statutory guidelines (*see*, Penal Law § 70.00). Defendant's remaining arguments on the issue have been considered and rejected as lacking in merit.

In the context of both the direct appeal and the appeal from his CPL article 440 motion, defendant contends that he was deprived of the effective assistance of counsel. Initially, we note that this issue was waived in respect to the direct appeal given our conclusion that defendant's plea was made knowingly and voluntarily (*see, People v Conyers*, 227 AD2d 793, 793-794; *People v Hayes*, 194 AD2d 998). With respect to the CPL article 440 motion, we find defendant's arguments to lack merit. Contrary to defendant's claim, County Court did not err in deciding the motion without a hearing because this issue could be determined from defendant's submissions (*see, People v Satterfield*, 66 NY2d 796, 799), which reveal that defendant received meaningful representation (*see, People v English*, 215 AD2d 871, 873, *lv denied* 86 NY2d 793, 87 NY2d 900; *see also, People v Cutting*, 210 AD2d 791, *lv denied* 85 NY2d 971). Here,

defense counsel negotiated a substantially beneficial plea in lieu of all charges pending against defendant in the Town of Colonie. Defendant also stated at the plea colloquy that he was satisfied with his representation. Based on this showing, there is no basis to support a finding of ineffective representation.

Defendant's remaining arguments have been examined and rejected as either unpreserved for review or lacking in merit.

Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the judgment and order are affirmed.