■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAMILTON, Appellant. [649 NYS2d 506] —Mikoll, J. Appeal

from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 28, 1995, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts), grand larceny in the third degree (two counts), burglary in the third degree (four counts), petit larceny (three counts), criminal mischief in the fourth degree (four counts), grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fifth degree.

Defendant pleaded guilty to various counts of seven separate crimes charged in an 18-count indictment in satisfaction of said indictment as well as other uncharged crimes against him in Columbia County. After admitting the factual allegations of each count in the indictment, the plea was entered into with the express understanding that defendant was giving up his right to, *inter alia*, have County Court rule on the admissibility of certain statements made by him to police. In accordance with the plea agreement, defendant was sentenced as a second felony offender to concurrent terms of incarceration ranging from one year in jail to $4^1/_2$ to 9 years in prison.

Defendant now appeals contending that County Court erred in summarily denying his motion to suppress evidence obtained as the result of illegal police conduct with respect to codefendant Timothy Tiernan. Defendant further argues that his statements to police should have been suppressed by County Court because the police deliberately delayed in filing an accusatory instrument against him to thwart the attachment of his right to counsel. We affirm.

By pleading guilty prior to securing an order or ruling from County Court regarding the admissibility of his statements to police, defendant has waived appellate review of this undetermined suppression issue (*see, People v Berezansky*, 229 AD2d 768; *People v Jones*, 183 AD2d 918, *lv denied* 80 NY2d 905; *People v Carty*, 173 AD2d 900, *lv denied* 78 NY2d 1074). Notably, County Court stated on the record that defendant was "waiving and giving up" his right to scheduled pretrial hearings, which included a *Huntley* hearing, by pleading guilty. We also note that, by pleading guilty prior to the *Huntley* hearing, defendant failed to develop a factual record to establish merit to his claims, thereby precluding appellate review (*see, People v Fernandez*, 67 NY2d 686; *People v Berezansky, supra*).

Defendant lacks standing to challenge the legality of Tiernan's arrest, detention and statements and the use of same as the basis for his arrest, even assuming each was constitutionally infirm (*see, People v Henley*, 53 NY2d 403; *People v Eaddy*, 200 AD2d 896, 898, *lv denied* 83 NY2d 852; *People v Williams*,

115 AD2d 627, *lv denied* 67 NY2d 767; *People v Thomas*, 103 AD2d 854). Accordingly, we reject his contentions that County Court erred in failing to suppress Tiernan's statements to police, as well as all fruits thereof, without a hearing.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.