■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. THOMPSON, Appellant. [651 NYS2d 931] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 19, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was found to be in possession of more than four ounces of cocaine and was charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. He pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced as a second felony offender to a prison term of eight years to life. On appeal, defendant contends that the waiver of his right to appeal, which was made part of his guilty plea, was not knowing, voluntary and intelligent and that County Court did not enter into a meaningful colloquy on the record to ascertain that it was. He also argues that the sentence imposed was harsh and excessive.

Initially, we find no merit to defendant's claim that the waiver was not knowing, voluntary and intelligent and that County Court did not enter into a meaningful colloquy (*see, People v Berezansky*, 229 AD2d 768, 769; *People v Catalfamo*, 228 AD2d 786, 787-788; *People v Hendrickson*, 227 AD2d 801; *cf., People v Callahan*, 80 NY2d 273, 283). The record reveals that defendant signed a written waiver of his right to appeal which stated that he gave up his right to appeal issues relating to his conviction and sentence and that the waiver was voluntarily, knowingly and intelligently executed. In addition, during the plea allocution, County Court advised defendant of the many rights he would be relinquishing by pleading guilty. The court specifically advised defendant that he would be waiving his appeal rights as this was a condition requested by the

District Attorney as part of the plea bargain. Defendant responded on the record that he understood the court's admonitions, that he was pleading guilty freely and voluntarily and that he was satisfied with his attorney's representation. In view of this, defendant's guilty plea and the waiver of his right to appeal must be enforced (*see, People v Seaberg*, 74 NY2d 1).

Nevertheless, were we to consider the merits of defendant's challenge to the sentence imposed, we would not find it to be harsh or excessive. Defendant was a second felony offender with a history of prior drug-related convictions. In view of this, as well as the fact that the sentence was agreed to by defendant as part of the plea bargain, we find no reason to disturb it (*see, People v Minshell*, 196 AD2d 911, *lv denied* 82 NY2d 851; *People v Albert*, 195 AD2d 893, *lv denied* 82 NY2d 890).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.