■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUSSELL, Appellant. [656 NYS2d 952] —Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 24, 1996, convicting defendant

upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While an inmate at Franklin Correctional Facility in Franklin County, defendant was found to be in possession of a metal shank. He subsequently pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of $1^2/_3$ to $3^1/_3$ years, to be served consecutively to the sentence he was serving at the time he committed this crime. On appeal, defendant argues that his guilty plea should be vacated because it was coerced.

Initially, inasmuch as defendant did not move to withdraw his guilty plea or vacate the judgment of conviction, he has waived his right to claim on appeal that his guilty plea was coerced (*see, People v Murray*, 233 AD2d 956; *People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994). Nevertheless, were we to consider the merits, we would find the claim to be without merit. The record discloses that County Court carefully explained to defendant the ramifications of pleading guilty, including the fact that he would be giving up the right to appeal everything except the sentence. Defendant responded that he understood, that he was not forced or threatened into making the plea, and that he was not under the influence of alcohol or medication. We find the colloquy between the court and defendant sufficient to establish that the guilty plea was knowingly, voluntarily and intelligently made (*see, People v Berezansky*, 229 AD2d 768). Therefore, we decline to disturb the judgment of conviction.

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.