■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LESAME, Appellant. [657 NYS2d 544] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 3, 1996, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While incarcerated at Franklin Correctional Facility in Frank-

lin County, defendant was found to be in possession of a single-edged razor blade. He was subsequently indicted for the crime of promoting prison contraband in the first degree. In full satisfaction of the indictment, defendant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of $1^1/_2$ to 3 years to run consecutive to the prison term he was then serving. Defendant appeals.

Defendant's sole contention on appeal is that his guilty plea was not knowing, voluntary or intelligent because County Court, by denying his request for an adjournment to contemplate the plea offer, coerced him into accepting it. Inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has failed to preserve this claim for our review (see, *People v Comer*, 236 AD2d 658; *People v Sloan*, 228 AD2d 976, *lv denied* 88 NY2d 994; *People v Coleman*, 203 AD2d 729, 730).

Nevertheless, were we to consider it, we would find this claim to be without merit. The record discloses that County Court advised defendant that he was entitled to an adjournment if he wished to proceed to trial. Defense counsel responded that defendant understood the court to mean that the proceedings would be adjourned to give defendant additional time to consider the plea offer. County Court refused to adjourn the proceedings for this reason and informed defendant that, if he did not accept the plea offer at that time, it would be lost. The fact that County Court required defendant to accept or reject the plea offer within a short time period does not amount to coercion (see, *People v Berezansky*, 229 AD2d 768, 770-771, *lv denied* 89 NY2d 919; *People v Eaddy*, 200 AD2d 896, 897, *lv denied* 83 NY2d 852; *see also, People v Coleman, supra*, at 730).

Moreover, defense counsel indicated on the record that he had discussed the plea offer in detail with defendant and advised defendant to accept it. During the plea allocution, defendant indicated to County Court that he wished to plead guilty to attempted promoting prison contraband in the first degree, that he understood the rights he was waiving by pleading guilty and that he was not coerced into pleading guilty or under the influence of alcohol. In response to the court's reading of the indictment, defendant proceeded to admit that he attempted to commit the act described therein. Under these circumstances, we find that defendant entered a voluntary, knowing and intelligent plea of guilty (see, *People v Comer*, *supra*, at 658; *People v Thompson*, 234 AD2d 709; *People v Berezansky, supra*, at 769) and that he admitted facts during the

allocution which were sufficient to establish his guilt (*see, People v Santos*, 206 AD2d 568; *People v Marlowe*, 108 AD2d 955, 956).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.