(June 26, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE E. JACKSON, Appellant. [659 NYS2d 532] —White, J. P. Appeals (1) from a judgment of the County Court of Saratoga County (Moynihan, Jr., J.), rendered April 18, 1994, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) by permission, from an order of said court (Kramer, J.), entered June 27, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

As a result of his participation in a robbery, defendant was charged in a 12-count indictment with various crimes. Prior to the commencement of a suppression hearing on April 18, 1994, defendant accepted the prosecution's plea offer of 4 to 12 years in prison and pleaded guilty to the crime of robbery in the first degree in full satisfaction of the indictment. He was sentenced in accordance with the plea agreement. After retaining new counsel, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the basis that the guilty plea was improperly induced by County Court. County Court denied the motion. Defendant appeals from the judgment of conviction and the order denying his CPL 440.10 motion.

Initially, we find no error in County Court's summary denial of defendant's CPL 440.10 motion. Defendant's CPL 440.10 motion was supported only by the affidavits of his appellate and trial counsel. According to these affidavits, defendant protested his innocence at the arraignment where he rejected the prosecution's plea offer of 4 to 12 years. At the suppression hearing, however, he changed his mind and accepted this very plea offer when, after expressing dissatisfaction with his attorney because he did not get a more favorable plea offer,

County Court advised him that, if new counsel were appointed, the court would no longer recommend that the case be disposed of by plea negotiations. While appellate counsel and trial counsel surmise that it was County Court's statement which "coerced" defendant into pleading guilty, this is pure conjecture absent an affidavit from defendant or an indication in counsels' respective affidavits disclosing the basis for their conclusions. Because defendant's papers fail to comply with the requirements of CPL 440.30 (1), his motion was properly denied without a hearing (*see, People v Risalek*, 172 AD2d 870, 871, *lv denied* 78 NY2d 1080; *People v Ertel*, 147 AD2d 728, 729, *lv denied* 74 NY2d 739).

In addition, we find no merit to defendant's contention that his guilty plea was not knowing, voluntary and intelligent. County Court's conduct did not amount to coercion under the circumstances presented (*see, e.g., People v Berezansky*, 229 AD2d 768, 770, *lv denied* 89 NY2d 919; *People v Eaddy*, 200 AD2d 896, 897, *lv denied* 83 NY2d 852). The record discloses that during the plea proceedings, County Court explained to defendant the ramifications of pleading guilty, including the rights that he would be waiving. Defendant responded that he understood the court's admonitions, that he wished to plead guilty of his own free will, that he was not threatened or coerced into pleading guilty, that he was not under the influence of alcohol and that he was satisfied with the services of his attorney. Under these circumstances, we find no basis for vacating defendant's guilty plea (*see, People v Comer*, 236 AD2d 698; *People v Sloan*, 228 AD2d 976, 976-977, *lv denied* 88 NY2d 994). Defendant's remaining contentions have either not been preserved for our review by virtue of defendant's waiver of his right to appeal or have been considered and found to be without merit.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.