(September 4, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS E. SIDES, SR., Appellant. [661 NYS2d 863] —Peters, J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 22, 1995, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree, and (2) by permission, from an order of said court, entered May 10, 1996, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.

Defendant was charged in an eight-count indictment with rape in the first degree (two counts), sexual abuse in the first degree (three counts), sodomy in the first degree (two counts) and endangering the welfare of a child for acts allegedly committed by him upon his nine-year-old daughter. Prior to the determination of a suppression motion, defendant pleaded guilty to one count of sodomy in the first degree in full satisfaction of the indictment. He was sentenced to 3 to 9 years in prison. Defendant now appeals from the judgment of conviction and the denial of his postjudgment motion to vacate the judgment and set aside the sentence.

We affirm. Initially, we reject defendant's claim that he retained the right to appeal from the judgment of conviction and the issues raised at the suppression hearing. The record clearly illustrates that these rights were expressly waived as

part of the negotiated plea agreement which, in our view, was knowingly, voluntarily and intelligently entered. In any event, inasmuch as defendant pleaded guilty before County Court ruled on the suppression motion, defendant has effectively waived appellate review of these undetermined issues (*see*, *People v Hamilton*, 232 AD2d 899, *lv denied* 89 NY2d 942).

Defendant next contends that County Court erred in denying, without a hearing, his CPL article 440 motion which raised claims of, among other things, ineffective assistance of counsel due to a conflict of interest and newly discovered evidence. Initially, we find that defendant's written submissions and the record itself provided sufficient grounds from which County Court could decide the motion without a hearing (*see*, *People v Satterfield*, 66 NY2d 796; *People v Alstin*, 239 AD2d 790). Moreover, we do not find that County Court improvidently exercised its discretion in denying the motion. Upon our review of the record, we do not find that defendant received ineffective assistance due to the fact that his assigned counsel had previously been employed as an Assistant District Attorney who had prosecuted defendant in an unrelated 1989 town court matter. We cannot discern any possible breach or abuse of confidence or prejudice to defendant that would, or did, result under these particular circumstances (*see*, *People v Sawyer*, 83 AD2d 205, *affd* 57 NY2d 12, *cert denied* 459 US 1178; *cf.*, *People v Shinkle*, 51 NY2d 417).

As to the denial of that branch of defendant's motion based upon newly discovered evidence, we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial (*see*, CPL 440.10 [1] [g]). Defendant's plea of guilty therefore foreclosed relief upon this ground (*see*, *People v Latella*, 112 AD2d 321, 322, *lvs denied* 65 NY2d 983, 66 NY2d 616). Even if such relief was not foreclosed by a guilty plea, it is well settled that newly discovered evidence which serves merely to impeach or contradict former evidence is not enough to set aside a judgment of conviction (*see*, *People v Salemi*, 309 NY 208, 221, *cert denied* 350 US 950). Here, the "newly discovered evidence", i.e., an alleged recantation by the victim (which, we note, is of dubious origin and reliability) was insufficient insofar as it served to only impeach or contradict "former evidence", i.e., defendant's written statement to police and his plea allocution wherein he admitted that he had sodomized the victim.

After considering defendant's remaining arguments, including those concerning the sentence and those raised in his *pro se* brief, we find them to be without merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.