■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS TOLEDO, Appellant. [663 NYS2d 397] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 26, 1996, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Franklin Correctional Facility in Franklin County, was found in possession of a sharpened metal shank measuring approximately 6½ inches long and ¼ of an inch in diameter. He was subsequently indicted for the crime of promoting prison contraband in the first degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years which was to run consecutive to the sentence he was then serving.

On appeal, defendant urges this Court to vacate his plea and reverse the judgment of conviction on the ground that his plea was the product of coercion and was therefore involuntary. Defendant's challenge to the voluntariness of his plea has not,

however, been preserved for our review inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction (*see, People v Lesame*, 239 AD2d 801, 802; *People v Russell*, 237 AD2d 841, *lv denied* 90 NY2d 897; *People v Perez*, 221 AD2d 725). Nevertheless, were we to consider the merits of defendant's claim, we would find that defendant's plea was both knowing and voluntary and was not the result of coercion.

Before accepting defendant's plea of guilty, County Court engaged in an extensive colloquy wherein it advised defendant of his rights and those he would be forfeiting by his plea. Defendant indicated that he understood the court's admonitions and that he was entering the plea voluntarily and without having been forced or threatened or influenced by drugs or alcohol. Significantly, defendant indicated to County Court that he had been given a sufficient opportunity to discuss the matter with his attorney; defense counsel in turn stated that defendant was entering the plea upon his advice. Defendant thereafter freely admitted his guilt to the charge. We reject defendant's claim that he was coerced into pleading guilty because he had only one day to consider the plea offer. We have routinely held that the fact that a defendant must accept or reject a plea offer within a short period of time does not, without more, amount to coercion (*see, People v Lesame, supra*, at 802; *People v Berezansky*, 229 AD2d 768, 770, *lv denied* 89 NY2d 919).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.