THIRD DEPARTMENT, JULY, 1998

(July 2, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY L. COOK, Appellant. [675 NYS2d 384] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 28, 1997, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant waived indictment and pleaded guilty to a single count of burglary in the second degree in satisfaction of a superior court information charging him with two counts of burglary in the second degree. After the plea was accepted and prior to sentencing, defendant moved *pro se* to withdraw his guilty plea (alleging that it was the product of coercion by his defense counsel) and separately petitioned for new assigned counsel. At the scheduled sentencing hearing, however, defendant appeared with counsel and withdrew the motion. He was sentenced in accordance with the plea agreement as a second felony offender to a determinate prison term of four years.

Defendant appeals, advancing the same argument that he previously asserted on the motion to withdraw his guilty plea. Having withdrawn that motion, however, defendant has failed to preserve the challenge to the voluntariness of his plea (*see,*

*People v La Boy,* 152 AD2d 866). Nevertheless, were we to consider the argument, we would find it to be without merit. The fact that defense counsel advised defendant to plead guilty because he could receive a harsher sentence if convicted after trial is not tantamount to coercion (*see, People v Mohammed,* 208 AD2d 1118, 1119, *lv denied* 85 NY2d 941; *People v Ryan,* 191 AD2d 814; *People v Mackey,* 175 AD2d 346, 349, *lv denied* 78 NY2d 969). Moreover, during the extensive colloquy with County Court at the plea allocution, defendant gave a detailed factual recitation admitting to all of the elements of the crime. He also indicated that he was satisfied with counsel's services, that he fully understood the ramifications of pleading guilty and that he was entering the plea voluntarily and without coercion. Under these circumstances, we find that the plea was knowing, voluntary and intelligent (*see, People v Toledo,* 243 AD2d 925; *People v Brown,* 235 AD2d 563, *lv denied* 89 NY2d 1032).

Finally, we reject defendant's contention that County Court erred in failing to address his request for new counsel prior to imposing sentence. Inasmuch as the facts alleged in support of the petition did not even remotely suggest a "conflict of interest or other irreconcilable conflict with counsel" (*People v Sides,* 75 NY2d 822, 824), the court was not obligated to inquire into the merits of the request before it proceeded to sentence defendant (*see, People v Wilder,* 246 AD2d 750, 751; *People v Frayer,* 215 AD2d 862, 863, *lv denied* 86 NY2d 794; *People v Brown,* 126 AD2d 898, 900-901, *lv denied* 70 NY2d 703).

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.