■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR FAISON, Appellant. [705 NYS2d 420] —Graffeo, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 25, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Bare Hill Correctional Facility in Franklin County, was indicted for the crime of promoting prison contraband in the first degree after he was found in possession of a sharpened piece of metal tubing. While conferring with defense counsel at the arraignment, defendant was informed that if he pleaded guilty during the arraignment to the reduced charge of attempted promoting prison contraband in the first degree, County Court would sentence him as a second felony offender to a prison term of 1½ to 3 years, to run consecutive to the sentence he was then serving. After County Court granted defendant a brief adjournment to engage in a second consultation with defense counsel, defendant advised County Court that he wished to accept the plea offer despite his dissatisfaction with the length of time he had to discuss the matter with defense counsel. After pleading guilty to the reduced charge and waving his right to appeal all issues except those relating to sentencing and constitutional matters, defendant was sentenced to the agreed-upon prison term. He now appeals.

We affirm. Although defendant's waiver of his right to appeal does not preclude our review of his challenges to the effectiveness of his counsel or the voluntariness of his guilty plea (*see, People v Seaberg*, 74 NY2d 1, 10), defendant failed to preserve these arguments for our review by either moving to vacate the judgment of conviction or to withdraw his guilty plea (*see, People v Depta*, 257 AD2d 916, *lv denied* 93 NY2d 923; *People v Epps*, 255 AD2d 840; *People v Chappelle*, 250 AD2d 878, *lv denied* 92 NY2d 894). In any event, were we to consider defendant's contentions, we would reject them as lacking in merit. The fact that the plea offer was scheduled to expire upon the conclusion of the arraignment did not render defendant's acceptance thereof involuntary or the product of coercion. Moreover, although defense counsel did not actively encourage defendant to accept the plea offer, defendant's decision to plead guilty was not contrary to defense counsel's advice and was made with full understanding of the consequences. Contrary to defendant's assertions, nothing in the record suggests that his guilty plea was involuntarily obtained or that defense counsel's representation was less than meaningful (*see, People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027).

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.