■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RIVERA, Appellant. [736 NYS2d 751] —Mugglin, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 26, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

At defendant's arraignment on an indictment which charged promoting prison contraband in the first degree, defense counsel noted that the People had offered to accept a plea of guilty to attempted promoting prison contraband in the first degree, with a sentence of 1½ to 3 years to be imposed on defendant as a second felony offender and to run consecutively to the sentence he was then serving. Counsel also noted that the People's offer would expire at the end of the day and that he had explained to defendant that, as a possible persistent felony offender, defendant could receive a sentence of 25 years to life if convicted of the crime charged in the indictment. Finally, counsel noted that "after discussing some of the merits that [defendant's] case has and his case does have some merits to it," defendant had agreed to accept the offer. After a thorough allocution, defendant entered a plea in accordance with the People's offer.

Prior to sentencing, defendant wrote a letter to County Court in which he sought to withdraw his plea, claiming, inter alia, that the prosecution was untimely and that he had been told that he faced a mandatory sentence of 25 years if convicted after trial. The court denied the request and, at sentencing, defendant noted that he had been denied due process and the right to effective assistance of counsel because of the "tremendous pressure" he was under as a result of the time limitation on the plea offer. Sentenced in accordance with the plea bargain, defendant now appeals.

We find no merit in defendant's claim regarding the voluntariness of his plea. The record demonstrates that defendant

was advised of the consequences of his plea, including the rights he would be waiving, and that his plea was knowing and voluntary (*see, People v Lee*, 272 AD2d 785, *lv denied* 95 NY2d 867; *People v Toledo*, 243 AD2d 925). Contrary to defendant's claim, the record reveals that defense counsel accurately informed him of the possible sentence he could receive as a persistent felon if convicted after trial, information which did not convert an otherwise voluntary plea into one based on coercion (*see, People v Batts*, 179 AD2d 937). Nor does the fact that defendant had to accept or reject the plea offer in a short time amount to coercion (*see, People v Faison*, 270 AD2d 717; *People v Lesame*, 239 AD2d 801, *lv denied* 90 NY2d 941).

We do, however, find that there is possible merit to defendant's claim of untimely prosecution which was rejected summarily by County Court. The record reflects that the date of the offense was September 6, 1999. Defendant was not indicted until a Grand Jury was impaneled in September 2000 and returned an indictment which was filed November 13, 2000 and on which defendant was arraigned January 2, 2001. His letter, although it was inartfully drawn, coupled with his claim of lack of due process at the time of sentencing, were sufficient to raise a claim concerning the violation of his constitutional right to due process, an issue which is unaffected even by a waiver of the right to appeal (*see, People v McCleary*, 271 AD2d 811, 812). Under these circumstances, we must withhold decision on this appeal and remit the matter to County Court for the purpose of providing the People with an opportunity to submit papers in opposition to defendant's claim, followed by a hearing, if necessary, and a decision on the merits (*see, People v Johnson*, 288 AD2d 501, 503).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is withheld and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.