*384 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered October 2, 2001, convicting him of an attempted course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was charged with engaging in a course of sexual conduct against a child in the second degree (see Penal Law § 130.80) based upon the claims of the victim, corroborated by medical evidence. He pleaded guilty to an attempted course of sexual conduct against a child in the second degree pursuant to a negotiated plea agreement whereby he agreed to comply with conditions imposed by the Family Court and to register as a sex offender pursuant to Correction Law article 6-C. At the plea proceeding, he freely acknowledged his guilt and demonstrated his proficiency in the use of English without the aid of an interpreter (see People v Prekuli, 256 AD2d 77, 78 [1998]).
The Supreme Court properly denied the defendant’s motions to withdraw his plea of guilty without a hearing. The defendant’s claim that he was unaware that he would be obligated to comply with conditions imposed by the Family Court and had only a rudimentary knowledge of English was belied by the record. His claim that the charges against him were founded upon legally insufficient evidence was foreclosed by his plea of guilty (see People v Thomas, 53 NY2d 338 [1981]) and, in any event, is without merit (see CPL 60.20 [2], [3]).
Further, the alleged recantation by the victim did not warrant a hearing in light of the defendant’s admission of guilt during the plea proceeding (see People v Sides, 242 AD2d 750, 751 [1997]; cf. People v De Jesus, 199 AD2d 529, 530 [1993]), medical evidence corroborating that the crime in fact occurred, evidence presented in the defendant’s own motion papers that the victim’s mother had been pressured to drop the charges, and the victim’s recantation of her recantation. Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.