■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUDHRY ALI, Appellant. [600 NYS2d 55] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 21, 1991, convicting defendant, after a jury trial, of conspiracy in the second degree and criminal sale and possession of a controlled substance in the first degree, and sentencing him to concurrent terms of 8⅓ to 25 years on the first count and 15 years to life on each of the other counts, unanimously affirmed.

Defendant was a principal in a heroin distribution ring. A confidential informant led undercover agents to one of defendant's associates, who then placed police in contact with defendant. Negotiations, including certain statements by defendant, were recorded by means of a Kel transmitter secreted on an undercover officer. These conversations were in English, Urdu, and Punjabi. The confidential informant, whose native tongue is Urdu, and who understands Punjabi, translated portions of the transcript of the tape. At the trial, defense counsel stipulated to the accuracy of the translation.

Since the confidential informant recognized defendant from the drug transaction, which provided an independent source for the in-court identification, we find no taint arising from the informant's inadvertent viewing of a photograph of defendant in the prosecutor's office *(see, People v Acosta,* 181 AD2d 577, *lv denied* 79 NY2d 1045)*. We also find no error in the court's proceedings with respect to introduction of the tape and the transcript.

While the court's impatience with trial counsel's method of proceeding was occasionally manifest on the record, we find no basis to conclude that the court denigrated trial counsel in front of the jury or otherwise deprived defendant of a fair trial.

There is also no basis to disturb the conclusion of the court below that defendant was not denied his right to a speedy trial. In denying his two CPL 30.30 motions, the court properly excluded the periods April 18, 1989 to April 28, 1989, April 28th to May 19th and May 19th to June 13th inasmuch as the first delay was for the explicit purpose of reproducing tapes for the defendant, the second period was excludable due to co-counsel's absence and the third period was for the purpose of permitting a plea bargain conference and bail applications, which delay was clearly for defendant's benefit. The next disputed period, from June 20th to July 18th, was intended to give defendant more time to consider the plea offer. *People v Moulton* (172 AD2d 1001) and *People v Correa* (77 NY2d 930), the cases relied upon by defendant, are readily distinguishable on their facts.

The periods from November 3rd to November 14th and November 14th to December 12, 1989 are likewise excludable, the first inasmuch as the issue raised by defendant of the inaudibility of certain tapes was clearly still sub judice on November 3rd and there is no basis for questioning the court's finding that the November 3rd adjournment was also to enable Legal Aid to reassign counsel for co-defendant Maan. The second period is likewise excludable inasmuch as it appears that the November 14th adjournment was to give new Legal Aid counsel for co-defendant Maan more time to consider the plea offer.

With regard to the 39-day adjournment granted to the People to prepare for trial after the denial of defendant's first CPL 30.30 motion, inasmuch as the present case involved numerous defendants and has some evidentiary peculiarities, such period, while arguably too lengthy, cannot be said to have been unreasonable.

The next challenged period, from January 29, 1991 to April 3, 1991, actually consists of several discrete periods. The delay from January 29th to February 5th resulted from defense counsel's unavailability and is excludable. The prosecutor then announced her readiness on February 5th, but asked for three weeks to produce the confidential informant who was in India and who did not have an immigration status that would

enable him to return to the United States. The court, which was in the midst of a lengthy trial, was unable to schedule this case until April 2nd. Although the witness was not produced until April 4th and the People were not charged with the additional two days, the requisite due diligence in producing the witness is evident inasmuch as Federal assistance was necessary to obtain his admission to this country and the court's exclusion of the additional two days should not be disturbed. While the 21 days actually requested by the People are arguably chargeable to them, that period would still not increase the delay chargeable to the People to beyond the statutory six months.

Finally, on this record, we cannot conclude that defendant was denied meaningful representation since he has not moved pursuant to CPL 440.10 to develop the record more fully in this regard *(People v Jones,* 55 NY2d 771, 773; *cf., People v Garcia,* 137 AD2d 402).

We have considered defendant's remaining points and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.