■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HAYES, Appellant. [739 NYS2d 12] —Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing; Franklin Weissberg, J., on speedy trial motion; Nicholas Figueroa, J., at jury trial and sentence), rendered February 13, 1997, convicting defendant of criminal possession of a weapon in the third degree and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's speedy trial motion because the People were chargeable with, at most, 178 days. In this two-defendant, attempted murder case that culminated in a two-week, 13-witness trial, the 49-day adjournment to

prepare for trial after motions, while rather lengthy, was reasonable under the circumstances (*see, People v Ali*, 195 AD2d 368, 369, *lv denied* 82 NY2d 804). Defendant's challenge to the seven-day period beginning October 23, 1996 is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record sufficiently establishes that this period of time was requested by defense counsel.

Defendant's suppression motion was properly denied. The detailed description of the uncommon car from which shots were fired at the identified citizen informants, along with the descriptions of the occupants and the closeness of the spatial and temporal factors, provided more than sufficient probable cause to arrest the occupants of the car (*Chambers v Maroney*, 399 US 42, 46-47; *People v Brnja*, 50 NY2d 366, 373) and to search the car for a gun pursuant to the automobile exception.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.