■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MADISON, Appellant. [20 NYS3d 62]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at speedy trial and jury panel motions; Analisa Torres, J., at jury trial and sentencing), rendered November 21, 2011, convicting defendant of criminal possession of a controlled substance in the fifth degree, unlawfully dealing with a child in the first degree (two counts) and unlawful possession of marihuana, and sentencing him to an aggregate term of five years' probation, unanimously affirmed.

Defendant did not preserve his claim that his Sixth Amendment right to be tried by a jury drawn from a fair cross-section of the community was violated by his trial, in this citywide Special Narcotics case, before a New York County jury, although the crime was committed in Kings County. Before the

motion court, defendant made only the distinct claim that the jury selection procedure leading to his trial before a Manhattan jury constituted purposeful discrimination that violated his right to equal protection. Thus, he has failed to preserve his Sixth Amendment fair cross-section claim, which the court did not expressly decide, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

The Sixth Amendment guarantee of trial before an impartial jury guarantees a criminal defendant a jury selected from a fair cross-section of the community (*Taylor v Louisiana*, 419 US 522, 530 [1975]). "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process" (*Duren v Missouri*, 439 US 357, 364 [1979]).

Defendant's claim is premised on the assertion that residents of Brooklyn would constitute the relevant "distinctive" group for a fair cross-section analysis under the first prong of the *Duren* analysis. We reject that analysis, as the exclusion of Brooklyn residents from the Manhattan jury venire cannot establish underrepresentation of a distinctive group in the community because Brooklyn residents do not constitute such a "distinctive group." In any event, even accepting defendant's census-based data concerning racial disparities between the counties of New York City, the claim still fails because the relevant comparison is between New York County, where the case was tried, and the City as a whole, given the undisputedly lawful citywide jurisdiction of the centralized narcotics parts (*see People v Taylor*, 39 NY2d 649 [1976]). Defendant's census data do not show a significant racial disparity between the County and City of New York.

The court properly denied each of the applications made by defendant pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to preserve his contentions that on his first *Batson* motion he was deprived of an opportunity to be heard on the issue of pretext regarding one panelist, and that on his subsequent *Batson* motions the court was obligated to treat its initial finding of a prima facie case of discrimination as still in effect, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find, with regard to the three subsequent *Batson* motions,

that the circumstances that led the court to find prima facie discrimination in an earlier round had changed, and that there was no basis for finding a prima facie case. Since the record does not disclose the racial composition of the venire, and since defendant relies only on surmise from census data, defendant has failed to establish that the People's challenge rate was disproportionate (*see People v Childress*, 81 NY2d 263, 268 [1993]), and defendant has not provided any other evidence to support an inference of discrimination.

The court properly denied defendant's CPL 30.30 speedy trial motion, and found only 83 days of delay chargeable to the People. Defendant claims that the period from October 14, 2009 to February 4, 2010 should have been charged to the People for unreasonable delay in producing a redacted search warrant. However, neither the minutes of the October appearance, nor anything else in the record, indicates that the court actually ordered the prosecutor to disclose the warrant to defendant's new counsel at that time. Moreover, such an order would have been superfluous and unnecessary, because the prosecutor had already given the warrant to defendant's prior counsel, who was ethically obligated to turn over her entire file to successor counsel, and any failure to do so should not be attributed to the People. In any event, if the period defendant claims to be chargeable is reduced by either a reasonable period for producing the requested materials (*see People v Harris*, 82 NY2d 409, 414 [1993]), or by a 42-day period that was independently excluded because defendant was without counsel (*see* CPL 30.30 [4] [f]), or both, the speedy trial motion still fails. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.