People v Johnson (2018 NY Slip Op 01730)





People v Johnson


2018 NY Slip Op 01730


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


177 KA 16-01759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD JOHNSON, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 29, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress a handgun that was seized from a vehicle in which he was the front seat passenger. We reject that contention.
The record from the suppression hearing establishes that, at approximately 6:55 p.m., the police received a report that gunshots had been fired near a specified street and the shooter entered the front passenger side of a red Chevy Trailblazer with a specific license plate number and a total of five occupants. When officers responded to the scene, they spoke with the identified citizen complainant, who repeated the same information. The complainant had been sitting in the driver's side of his vehicle when the shooter and another man walked past. The shooter turned and shot twice at the vehicle. One bullet had entered the rear window and was lodged in the driver's seat headrest. The complainant gave the same information to the officers as they had received on their police dispatch, with the additional information that the two men who had walked by were "light skinned."
Ten minutes later, another police officer observed the same Chevy Trailblazer approximately three blocks from the site of the shooting. The officer stopped the vehicle and removed the three passengers. While defendant was being frisked by one officer, another officer began to search the vehicle, discovering and seizing the loaded handgun from a compartment behind the glove box. Defendant and the two other occupants were arrested.
We conclude that, contrary to defendant's contention, the court properly deemed the search permissible under the automobile exception to the warrant requirement, which permits police officers to "search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there" (People v Galak, 81 NY2d 463, 467 [1993]; see People v Blasich, 73 NY2d 673, 678 [1989]; see also Pennsylvania v Labron, 518 US 938, 940 [1996]). The exception requires "both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made" (People v Langen, 60 NY2d 170, 181 [1983], cert denied 465 US 1028 [1984]).
" In dealing with probable cause, however, as the very name implies, we deal with [*2]probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act' . . . Probable cause does not require proof beyond a reasonable doubt," but merely requires "a reasonable ground for belief" (People v Simpson, 244 AD2d 87, 90-91 [1st Dept 1998], quoting Brinegar v United States, 338 US 160, 175 [1949]).
Here, we conclude that the police, at the time of the search, had probable cause to believe that a handgun was in the vehicle, and that the police therefore were not required to obtain a warrant. "The police had information, provided by [an] identified citizen-witness[ ] speaking from personal knowledge," that the person who had shot at the witness had entered the front passenger seat of that specific vehicle with the handgun (People v Robertson, 109 AD3d 743, 743 [1st Dept 2013], lv denied 22 NY3d 1090 [2014]; see People v Williams, 301 AD2d 543, 543 [2d Dept 2003], lv denied 100 NY2d 589 [2003]; cf. People v Torres, 74 NY2d 224, 230-231 [1989]). "[T]he spatial and temporal factors" as well as the description of the specific vehicle and seat occupied by the shooter "provided more than sufficient probable cause . . . to search the [vehicle] for a gun pursuant to the automobile exception" (People v Hayes, 291 AD2d 334, 335 [1st Dept 2002], lv denied 98 NY2d 697 [2002]; see generally Galak, 81 NY2d at 467).
Based on our resolution, we do not address the court's secondary justification for upholding the search.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court