People v Kejariwal (2022 NY Slip Op 50378(U))

[*1]

People v Kejariwal (Varun)

2022 NY Slip Op 50378(U) [75 Misc 3d 128(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2019-1839 N CR

The People of the State of New York,
Respondent,
against
Varun Kejariwal, Appellant. 

Stephen N. Preziosi, for appellant.
Nassau County District Attorney (Cristin N. Connell, Monica M. C. Leiter and Autumn S.
Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Elizabeth
Fox-McDonough, J.), rendered October 24, 2019. The judgment convicted defendant, upon his
plea of guilty, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
In 2018, defendant was charged in an information with assault in the third degree (Penal Law
§ 120.00 [2]), reckless endangerment in the second degree (Penal Law § 120.20),
resisting arrest (Penal Law § 205.30), harassment in the second degree (Penal Law §
240.26 [1]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).
Approximately 15 months after his arraignment, defendant pleaded guilty to driving while ability
impaired, in satisfaction of the accusatory instrument, and sentence was imposed.
On appeal, defendant contends that his counsel was ineffective for two reasons: (1) failing to
move to dismiss the information on statutory speedy trial grounds and (2) neglecting to inform
him of a defense to the pleaded-to count of driving while ability impaired. Both claims are
unavailing. 
Preliminarily, the speedy trial statute was amended effective January 1, 2020, after
defendant's 2019 guilty plea in this matter. Therefore, with respect to the count of driving while
ability impaired, a motion made to dismiss on statutory speedy trial grounds would necessarily
have failed because, prior to the 2020 amendment, "a defendant charged with a traffic infraction
ha[d] no statutory right to a speedy trial" (People v Taylor, 189 Misc 2d 313, 314 [App
Term, 2d Dept, 9th & 10th Jud Dists 2001]). However, although the traffic infraction, to
which defendant pleaded guilty, was not dismissible pursuant to CPL 30.30, this does not end the
analysis of whether counsel was ineffective for not moving to dismiss the other counts. If the
others would have been dismissed upon the filing of a motion by counsel, then the benefit of the
plea bargain defendant received diminishes significantly, rendering doubtful that defendant
would have been so inclined to plead guilty. The parties do agree that certain time periods,
totaling 43 days, were chargeable to the People. Defendant argues, and the People dispute that
additional time should be charged.
During the December 4, 2018 - February 4, 2019 adjournment period, defendant's omnibus
motion was under consideration by the court. Off-calendar on January 14, 2019, the District
Court issued a decision thereon. We find no merit to defendant's argument that the remainder of
this period is chargeable to the People. While defendant also argues that the subsequent
adjournment period, from February 4 to March 6, 2019, should be chargeable to the People, he
fails to explain why the People are not entitled to the usual Green time exclusion to
prepare for the hearing granted by the court in its decision (see People v Green, 90 AD2d
705 [1982]). Even assuming that the February 4 - March 6, 2019 adjournment period is not
excludable Green time (see id.), the addition of this 30-day period to the 43
undisputed chargeable days would only increase the chargeable time to 73 days.
Defendant also argues that the entire September 23 - October 24, 2019 adjournment period is
chargeable to the People. The prosecutor, who had previously been ready for trial, was not ready
to proceed to trial on September 23, 2019, and requested a one-week adjournment. In this
post-readiness context, "[a]ny time within the adjournment period that exceeds the time
requested is excluded" (People v
Wade, 64 Misc 3d 144[A], 2019 NY Slip Op 51293[U], *1 [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]). Thus, the People are only charged with the seven days of this time
period that the prosecutor had requested, which days are already accounted for in the 43
chargeable days to which the parties are in agreement.
Since only 43 or, at the most, 73 chargeable days had passed at the time of defendant's guilty
plea, a motion to dismiss on statutory speedy trial grounds would have been frivolous. "[T]here
can be no denial of effective assistance of trial counsel arising from counsel's failure to make a
motion . . . that has little or no chance of success" (People v Carver, 27 NY3d 418, 421 [2016] [internal quotation
marks omitted]; see People v Caban,
5 NY3d 143, 152 [2005]).
Defendant next contends that he received the ineffective assistance of counsel because
counsel advised him to accept the People's plea offer despite there being, according to defendant,
a viable trial defense against the charge of driving while ability impaired. To be entitled to relief
[*2]under the New York State Constitution on the ground of
ineffective assistance of counsel, a defendant must establish that his counsel did not provide him
with meaningful representation (see People v Benevento, 91 NY2d 708, 713 [1998];
People v Baldi, 54 NY2d 137, 147 [1981]; see also Caban, 5 NY3d at 152).
Under the federal standard of review, a "defendant must show that counsel's performance was
deficient . . . [and] that the deficient performance prejudiced the defense" Strickland v
Washington, 466 US 668, 687 [1984]). Preliminarily, we note that, in this case, nothing in
the limited record before this court, beyond defendant's self-serving attestation, indicates that
defense counsel did in fact recommend that defendant accept the People's plea offer (cf.
People v Ramos, 63 NY2d 640, 643 [1984] ["Inasmuch as defense counsel's misadvice . . .
was not placed on the record at the time of the plea, it is not entitled to judicial recognition"]).
Even assuming that counsel did advise defendant to plead guilty, counsel was not ineffective for
having done based on the record before us.
Defendant claims that the breathalyzer test result, which revealed that he had a .06% blood
alcohol content (BAC), was suppressible or, in the alternative, would constitute definitive proof
at trial that he was not impaired by alcohol beyond a reasonable doubt, and that counsel should
have informed him of these facts. This supposition rests upon two erroneous legal conclusions.
First, defendant asserts that the so-called "two-hour rule" for breathalyzer BAC analysis
(see Vehicle and Traffic Law § 1194 [2] [a] [1]) renders his test, which took place
more than two hours after his arrest, inadmissible as trial evidence. However, the "two-hour
limitation does not apply where the defendant expressly and voluntarily consents to the
administration of the breath test" (People v Marietta, 61 AD3d 997, 998 [2009]), as was the case
here.
Second, defendant misinterprets 10 NYCRR § 59.2 as creating a statutory presumption
of a .01 percentage point error with breathalyzer results, and thus argues that his actual BAC
could have been .05%, which would constitute "prima facie evidence that the ability of such
person to operate a motor vehicle was not impaired by the consumption of alcohol, and that such
person was not in an intoxicated condition" (Vehicle and Traffic Law § 1195 [2] [a]). In
fact, 10 NYCRR § 59.2 creates no such statutory presumption. Rather, the statute requires
that, prior to being used to test a sample with unknown BAC (e.g., defendant's breath), the testing
device must itself first be tested with a "reference sample of known alcoholic content greater than
or equal to 0.08 percent weight per volume" (10 NYCRR § 59.2 [b] [2]), and the test result
must lie within .01 percentage points of the known concentration, to be deemed operable.
Defendant does not dispute that the breathalyzer machine was properly tested and in working
order when it was used to analyze his breath sample.
In any event, even if defendant could have successfully moved to suppress his BAC test
result at trial, that would not necessarily have translated to an acquittal of the charge of driving
while ability impaired. A defendant's BAC level is not an element of that charge, and there was
sufficient other evidence of defendant's impaired ability to drive, including defendant's vehicle
speeding and swerving, and defendant's physical condition, which included bloodshot watery
eyes, slurred speech and the odor of alcohol on his breath. Moreover, we note that defendant was
[*3]facing four other Penal Law counts, three class A
misdemeanors and one violation; the suppression of his BAC test result would have had no effect
on the prosecution of those charges. 
In view of the foregoing, defendant's acceptance of the People's offer to plead guilty to a
traffic infraction, which allowed him to avoid the possibility of a criminal record and
incarceration, and pay the minimal mandatory fine, was reasonable (see People v Gale,
130 AD2d 588, 589 [1987]). Noting that the appellate record contains no indication, beyond
defendant's attestation, that counsel advised him to plead guilty, but assuming without deciding
that this advice was given, we do not agree with defendant's assertion that counsel was
ineffective for so advising him (see People v Barboni, 21 NY3d 393, 405-406 [2013] ["It
is well settled that '(t)o prevail on a claim of ineffective assistance of counsel, it is incumbent on
defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's
failure . . . . Absent such a showing, it will be presumed that counsel acted in a competent
manner and exercised professional judgment' "], quoting People v Rivera, 71 NY2d 705,
709 [1988]).
The plea offer defendant accepted was proffered by the People for the first time on the same
day the plea and sentence took place. The District Court, after being informed by both parties that
they were ready to proceed to trial that day, informed defendant that, if he did not accept the plea
offer, "the offer is revoked and you will have to go to trial." This statement of fact did not
constitute undue coercion of defendant by the court to plead guilty (see e.g. People v
Faison, 270 AD2d 717, 717 [2000] ["The fact that the plea offer was scheduled to expire
upon the conclusion of the arraignment did not render defendant's acceptance thereof involuntary
or the product of coercion"]; People v Toledo, 243 AD2d 925, 926 [1997] ["We have
routinely held that the fact that a defendant must accept or reject a plea offer within a short period
of time does not, without more, amount to coercion"]).
After agreeing to accept the plea offer, defendant balked when the prosecutor requested that
the issuance of an order of protection in favor of the complainant be included as part of the plea
offer. Defendant asked to discuss this with his counsel, and the court replied, "I will give you one
minute or else I am sending the case out for trial." We need not decide whether the court's
statement "implicated . . . defendant's fundamental right to effectively confer with counsel"
(People v Norris, 190 AD2d 871, 872 [1993]), as the People ultimately rescinded the
protective order demand, and, thus, error, if any, was rendered moot.
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022