People v Jacob (2024 NY Slip Op 51182(U))

[*1]

People v Jacob (Friday)

2024 NY Slip Op 51182(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2021-534 K CR

The People of the State of New York, Respondent,
against
Friday Jacob, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Melissa Owen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Archana Rao, J.), rendered July 8, 2021. The judgment convicted defendant, upon a plea of guilty, of driving while ability impaired, and imposed sentence. The appeal brings up for review so much of an order of that court (Jean T. Walsh, J.) dated July 7, 2021 as, upon reargument, adhered to a determination of a prior order (Jean T. Walsh, J.) dated May 28, 2021 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, so much of the order dated July 7, 2021 as adhered to the determination in the order dated May 28, 2021 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, upon reargument, defendant's motion is granted, the accusatory instrument is dismissed, and the mandatory surcharge and fees, if paid, are remitted.
On July 11, 2020, defendant was arrested and arraigned on charges of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and speeding (Vehicle and Traffic Law § 1180 [a]). Due to Governor Cuomo's [*2]suspension of the speedy trial time limitations (see Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]; Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]; see also People v Carter, 80 Misc 3d 127[A], 2023 NY Slip Op 50889[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), the speedy trial clock commenced in this case on October 4, 2020. On October 28, 2020, the People filed a certificate of compliance ("COC") and a statement of readiness ("SOR") that, they conceded in the Criminal Court, did not contain a certification pursuant to CPL 30.30 (5-a) that the charges were facially sufficient. On November 9, 2020, the Criminal Court issued an order that set a motion schedule for defendant to challenge the COC's validity, but only if the parties were unable to resolve any discovery disputes. Pursuant to that schedule, defendant had to file his challenge to the COC by December 1, 2020, and the People had to file their opposing papers by December 15, 2020. On November 30, 2020, defendant filed a motion challenging the COC. The People filed their opposing papers on January 13, 2021, 29 days after their response was due. On February 2, 2021, the court (Adam D. Perlmutter, J.) denied defendant's motion and scheduled the trial for June 1, 2021. 
On March 24, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the People had failed to validly state ready because they failed to certify the facial sufficiency of the charges (see CPL 30.30 [5-a]). On May 11, 2021, the People opposed the motion and certified that all of the charges were facially sufficient. The People argued that they did not have to file their 5-a certification prior to or contemporaneously with the SOR for it to be valid when filed on October 28, 2020, and that defendant's challenge should have been made in November and was, therefore, untimely. The People did not argue that they were entitled to any exclusions of chargeable time under CPL 30.30 (4). After oral argument on May 18, 2021, the Criminal Court (Jean T. Walsh, J.), by order dated May 28, 2021, denied the motion as untimely under CPL 255.20 (2), but also charged the People with 23 days after finding that their 5-a certification related back to the October 28 filing of their SOR. In the alternative, the court held that the speedy trial clock had not expired because the People were entitled to the following exclusions: November 30, 2020 through February 2, 2021 due to motion practice; February 2, 2021 through May 18, 2021, as a reasonable adjournment following the February 2, 2021 order; and March 24, 2021 through May 18, 2021 due to motion practice. 
On June 10, 2021, defendant moved for leave to reargue the CPL 30.30 motion arguing (1) that the timing provision of CPL 255.20 did not apply to his speedy trial motion; (2) that the court misinterpreted the law because an SOR is invalid without a 5-a certification; and (3) that the People were not entitled to excludable time between February 2 and May 18, 2021 because the motion was not extensive, did not involve issues regarding the prosecution's trial strategy, and the People did not need additional time to prepare for trial. On June 24, 2021, the People opposed the motion but did not address defendant's argument regarding the exclusion. On July 7, 2021, the Criminal Court (Jean T. Walsh, J.) granted reargument but adhered to its original determination in the May 2021 order.
On appeal, defendant contends that the Criminal Court erred in finding that his speedy trial motion was untimely and that the People's May 11, 2021 5-a certification retroactively cured [*3]their otherwise invalid October 28, 2020 SOR. In response, the People concede that defendant's speedy trial motion was timely and that their SOR only became effective on May 11, 2021 when they filed their 5-a certification but argue that they had not exceeded their 90-day allotment to be ready for trial as they were entitled to the exclusions found by the Criminal Court. In reply, defendant maintains that the People's arguments for exclusions are unpreserved and unreviewable. In the alternative, defendant contends that the People were not entitled to exclusions under CPL 30.30 (4) (a) because their failure to certify the facial sufficiency of the charges pursuant to CPL 30.30 (5-a) was a jurisdictional defect. Defendant asserts that, in any event, the People were not entitled to an exclusion of the entire time it took the Criminal Court to decide his motion to invalidate the COC or the 105-day time period from February 2 to May 18, 2021 as a reasonable period of time for the People to prepare for trial after the Criminal Court's order deciding the motion to invalidate the COC.
While CPL 255.20 generally provides that pretrial motions should be made within 45 days after an arraignment, that provision does not apply to motions to dismiss on speedy trial grounds (see CPL 170.30 [2]; People v Lawrence, 64 NY2d 200, 205 [1984] ["Motions to dismiss on speedy trial grounds were exempt from the provisions of CPL 255.20, however, because it would be highly unusual that the statutory period of delay could elapse within 45 days of arraignment"]). Thus, as the People correctly concede, defendant's speedy trial motion was timely.
Since the most serious offense in the accusatory instrument was a class A misdemeanor, here, the People were required to be ready for trial within 90 days of October 4, 2020 (see Carter, 2023 NY Slip Op 50889[U], *1-2 ). For the reasons stated in People v Ward (79 Misc 3d 129[A], 2023 NY Slip Op 50688[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), the People correctly concede that their SOR was only first effective as of May 11, 2021. 
CPL 30.30 (4) exclusions are still available in the pre-readiness context (see People v Barden, 27 NY3d 550, 553 [2016]; People v Cortes, 80 NY2d 201, 208 [1992]; Matter of People ex rel. LaBrew v Vance, 192 AD3d 645, 645 [2021]; People v LaClair, 79 Misc 3d 8, 12 [App Term, 2d Dept, 9th & 10th Jud Dists 2024]). Contrary to defendant's contention, the People's failure to certify the accusatory instrument pursuant to CPL 30.30 (5-a) is not a jurisdictional defect. However, "[t]he failure to file a CPL 30.30 (5-a) certification within the time prescribed by the statute, after taking into consideration any applicable statutory exclusions, will result in the dismissal of the accusatory instrument" (People v King, — Misc 3d —, 2024 NY Slip Op 24107, *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Time Period From October 4, 2020 through November 9, 2020
Turning to the applicable time periods, the People correctly concede that they were chargeable with 36 days from October 4 through November 9, 2020 because they had not validly stated ready. 
Time Period From November 9, 2020 through November 30, 2020
The People argue for the first time on appeal that the court erroneously charged them with the 21-day period between November 9 and November 30, 2020 because they were entitled to an exclusion since the court set a motion schedule. While the People acknowledge that this is unpreserved (see CPL 470.15; see also People v Luperon, 85 NY2d 71, 78 [1995]), they contend that we can reach the issue because it was decided by the Criminal Court, and defendant would not have been able to counter it if they had raised the argument in the Criminal Court (see Sega v State of New York, 60 NY2d 183, 190 n 2 [1983]; People v Williams, 32 AD3d 403, 405 [2006], quoting Sega, 60 NY2d at 190 n 2; People v Braine, 55 Misc 3d 142[A], 2017 NY Slip Op 50606[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; cf. People v Chavis, 91 NY2d 500, 506 [1998]). However, a review of the record shows that defendant could have countered the argument if raised before the Criminal Court and, therefore, we decline to review it (see People v Nieves, 67 NY2d 125, 136 [1986]; see also People v Williams, 32 AD3d 403, 405 [2006]). Consequently, the People were chargeable with the 57 days from October 4 to November 30, 2020. 
Time Period From November 30, 2020 through February 2, 2021
Defendant argues that the People were not entitled to an exclusion of all of the time it took for the Criminal Court to decide his motion to invalidate the COC, a ground not previously raised (see CPL 470.15; see also Luperon, 85 NY2d at 78). In the exercise of this court's authority to review the record and to determine the legal questions as to the chargeability of speedy trial time (see People v Mena, 29 AD3d 349, 350 [2006]; People v Salgado, 27 AD3d 71, 72 [2006]; People v Larkins, 62 Misc 3d 147[A], 2019 NY Slip Op 50218[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), we find that the Criminal Court should have charged the People with the 29-day period between December 15, 2020, the date their opposition to defendant's motion was due, and January 13, 2021, the date they filed their opposition papers (see People ex rel. Nieves v Molina, 207 AD3d 797, 798 [2022]; People v Gonzalez, 266 AD2d 562, 563 [1999]; People v Commack, 194 AD2d 619, 620 [1993]). The People have the burden of ensuring that the record contains adequate explanations for adjournments (cf. People v Labate, — NY3d —, 2024 NY Slip Op 01582, *5 [2024]), and, here, the record is silent as to why they failed to file their opposition papers for 29 days. The remaining time, however, is excludable as a delay due to pretrial motion practice (see CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523, 527 [1985]; Gonzalez, 266 AD2d at 563; People v Silke, 79 Misc 3d 128[A], 2023 NY Slip Op 50679[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Consequently, the People were chargeable with 86 days through February 2, 2021.
Time Period From February 2, 2021 through March 24, 2021
Defendant argues that the Criminal Court erred in excluding the entire 50-day period from February 2, 2021 to March 24, 2021. While the People are entitled to a reasonable period of time to prepare for trial after a motion decision (see People v Garay, 158 AD3d 508, 508-509 [2018]; People v Ali, 195 AD2d 368, 369 [1993]; People v Kejariwal, 75 Misc 3d 128[A], 2022 NY Slip Op 50378[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]), this case did not involve multiple defendants, copious amounts of evidence, or other factual complexities that would warrant a 50-day exclusion (cf. People v Hayes, 291 AD2d 334, 334-335 [2002]; Ali, 195 [*4]AD2d at 369). Deducting a reasonable period of time from the 50-day period and charging the People with the rest (cf. People v Harris, 82 NY2d 409, 414 [1993]; People v Madison, 133 AD3d 553, 555 [2015]), we find that the People exceeded the 90-day period in which they had to be ready for trial.
Accordingly, the judgment of conviction is reversed, so much of the order dated July 7, 2021 as adhered to the determination in the order dated May 28, 2021 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, upon reargument, defendant's motion is granted, and the accusatory instrument is dismissed.
MUNDY, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024